UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GERALD L. ANDERSON FAMILY TRUST,
DATED JULY 22, 1993,

    Plaintiff,

v.   No. 2:24-cv-0066 DLM/GBW

DIAMONDBACK DTNM, LLC,
and DENNIS EKSTROM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Dennis Ekstrom's[1] Motion to Dismiss the claims against him. (Doc. 22.) The Court finds that Plaintiff Gerald L. Anderson Family Trust, Dated July 22, 1993 (the Trust), failed to plead sufficient facts to state a claim against Ekstrom. As an officer of Diamondback DTNM, LLC (DTNM), Ekstrom is presumed not to be personally liable for DTNM's acts and obligations, and the Complaint does not rebut that presumption by alleging Ekstrom committed an intentional tort against it. Accordingly, the Court will **GRANT** the Motion to Dismiss and **DISMISS** the Trust's claims against Ekstrom without prejudice.

**I.   FACTUAL BACKGROUND**

This case involves a relatively complex network of contract relationships among a number of legally distinct entities, many of which are not parties to this matter. For the purposes of this Opinion, the Court finds that presenting a simplified version of those relationships is sufficient to address the subject of the pending Motion—Ekstrom's personal liability. The Trust purchased a

---

[1] The Court notes that Ekstrom's name is spelled inconsistently in this matter either as "Ekstrom" (*see* Docs. 1-1 at 1; 22 at 1) or as "Eckstrom" (*see* Docs. 1 at 1; 1-2 at 1; 11 at 1, 8). The Court will refer to him as identified above—"Ekstrom"—because it is the spelling used in both the Civil Cover Sheet and the Motion to Dismiss (Docs. 1-1; 22) but will order the parties to confer and agree upon the correct spelling of Ekstrom's name and ensure its use is correct and consistent in all future filings in this matter.

property from non-party QK Holdings, LLC, which Ekstrom and non-party David Koch owned. (Doc. 11 at 9–10 ¶¶ 9–10, 17). A subsidiary of QK then entered into a leaseback lease agreement with the Trust, and the Trust alleges that Ekstrom was "intimately involved in the Purchase and the Lease agreement between [the subsidiary] and the Trust[,]" but it does not specify how or whether Ekstrom is solely responsible. (*See id.* at 9–11 ¶¶ 9–10, 17, 19–20.) The Trust alleges that shortly after the sale of the property, Ekstrom, DTNM, and Koch sold QK's interests to a non-party. (*Id.* at 11 ¶¶ 21–22.) Critically, and determinative of the pending Motion, the Trust alleges that as part of that sale, QK was obligated to transfer its assets and interests to Ekstrom and DTNM, making Ekstrom the sole owner of DTNM.[2] (*Id.* at 11 ¶¶ 21–22.) The Trust demanded payment of past rent from DTNM. (*Id.* at 11 ¶ 24.) The Trust alleges DTNM denied the existence of a lease between itself and the Trust. (*Id.* at 11 ¶ 26.)

## II.     Legal Standard

### A. Rule 12(b)(6)

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference . . . ." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Murphy v. United States*, No. 20-cv-557 GBW/SMV, 2020 WL 6939716, at *4 (D.N.M. Nov. 25, 2020) (quoting *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011)) (quotation marks omitted). Stating a plausible claim in a complaint does not require detailed factual

---

[2] The Trust conflates Ekstrom and DTNM's identities by referring to them as the "Diamondback Parties." (Doc. 11 at 11 ¶ 22). The Court will, however, refer to the two Defendants separately because, as it will explain below, they are legally distinct.

allegations but needs more than a recitation of the elements of the claim or mere conclusory statements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When determining whether a claim is plausible, a court assumes the facts in the complaint are true and draws all reasonable inferences in the plaintiff's favor, but the Court need not accept legal conclusions. *See Leverington*, 643 F.3d at 723; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Indeed, a complaint may survive a Rule 12(b)(6) motion to dismiss even if it is unlikely a plaintiff will be able to prove the facts she alleges. *See Murphy*, 2020 WL 6939716, at *4. In other words, all a complaint must do is include allegations that, assuming they are true, make the claim for relief more than merely speculative, even if it is ultimately unlikely they can be proven to be true. *See Twombly*, 550 U.S. at 556.

## B. Personal Liability of a Shareholder, Director, or Owner of a Corporation.

"It is a basic tenet of corporate law that a corporation is a legal entity, separate from its shareholders, directors, and officers." *Stinson v. Berry*, 943 P.2d 129, 133 (N.M. Ct. App. 1997) (citation omitted). "Thus, the shareholders, directors and officers are not personally liable for the acts and obligations of the corporation." *Id.*; *see also Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1217 (D.N.M. 2011) (same) (quoting *Stinson*, 943 P.2d at 133–34). Accordingly, "[o]fficers are generally not liable for contract violations of a corporation." *See Two Old Hippies, LLC*, 784 F. Supp. 2d at 1217 (citing *Kreischer v. Armijio*, 884 P2d 827, 829 (N.M. Ct. App. 1994)). "[O]fficers or employees can be held personally liable [for violating a contract, however,] when they commit intentional torts." *Id.* (quoting *Bourgeous v. Horizon Healthcare Grp.*, 872 P.852, 855 (N.M. 1994)). In determining whether a claim alleges tortious conduct,

3

"[c]ourts have long followed the rule that the difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas a tort is a violation of a duty imposed by law." *Id.* (quoting *Kriescher*, 884 P.2d at 829) (quotation marks omitted). Indeed, individual defendants will not be liable simply because a complaint alleges "causes of action [that] are couched in tort language [if] the gravamen of the complaint" is merely the alleged failure to abide by a contract. *Id.* at 1218 (quoting *Kriescher*, 884 P.2d at 829).

## III.    Analysis

This matter involves a network of contract relationships and obligations among an array of different entities and individuals. Stated broadly, the Trust alleges that non-party QK had been obligated to pay rent under the terms of a lease, and because QK transferred all its assets to DTNM, making Ekstrom DTNM's sole owner, DTNM and Ekstrom breached their contract obligations under the lease that the Trust originally made with QK. In his Motion to Dismiss, however, Ekstrom argues that the Trust fails to state a claim against him exactly because he is the sole member of DTNM and therefore cannot be held personally liable for any of its acts or obligations. If Ekstrom is a member of DTNM, then he may only be found personally liable if the Trust alleges he committed an intentional tort against the Trust.

The parties agree that Ekstrom is the sole shareholder, director, or officer of DTNM; they disagree as to the legal significance. (*See* Docs. 11 at 11 ¶ 22; 22 at 5–6; 25 at 3.) "It is[, however,] a basic tenet of corporate law" that, because the Complaint alleges he is a member of DTNM, Ekstrom is legally distinct from DTNM. *See Stinson*, 943 P.2d at 133. Ekstrom, therefore, enjoys the presumption that he is "not personally liable for the acts and obligations of [DTNM,]" *see id.*, including the breach of any contracts DTNM is alleged to have committed, *see Two Old Hippies,*

4

*LLC*, 784 F. Supp 2d at 1217 ("Officers are generally not liable for contract violations of a corporation.").

Moreover, the Court concludes that the Trust fails to allege that Ekstrom committed an intentional tort against it. In its Complaint, the Trust alleges "Damages for Breach of Contract/Bad Faith Breach of Contract, Breach of the Covenant of Good Faith and fair Dealing, Debt and Money Due, and Unjust Enrichment." (Doc. 11 at 8; *see id.* at 12–15.)  The Court finds that each of the Trust's claims are based on the contract between it and QK and DTNM's subsequent ownership of QK's assets. (Doc. 11 at 11 ¶¶ 31–52) Therefore, the Trust alleges a "failure of performance of a duty arising or imposed by agreement[, not] of a duty imposed by law." *See Two Old Hippies, LLC*, 784 F. Supp. 2d at 1217. Accordingly, the Court finds that the Trust fails to state a claim against Ekstrom upon which relief may be granted. [3]

The Court notes that in its Response, the Trust alleges Ekstrom would be liable under the New Mexico Uniform Voidable Transactions Act (UVTA). (Doc. 25 at 10–11.) The Trust does not, however, raise the UVTA as a cause of action in the Complaint. (*See generally* Doc. 11 at 8–15.) It cannot, therefore, rely on that argument to defeat Ekstrom's Motion to Dismiss. *See Johnson v. Shinseki*, No. 11-cv-02881, 2013 WL 2295433, at *8 (D. Colo. May 24, 2013) ("Even if the court could consider arguments in the Response that do not appear as allegations in the [Complaint], [those] arguments do not suffice to defeat [a motion to dismiss].") (citations omitted). To be sure, the Court may consider "attached exhibits . . . and documents incorporated into the complaint by reference[,]" *Smith*, 561 F.3d at 1098, but "in determining whether to grant a motion

---

[3] The Court declines to consider Ekstrom's "[s]econd[] and separate[]" argument relating to the documents selling QK's assets to the non-party and transferring its interests to DTNM and Ekstrom and whether the original lease was incorporated by those documents. (*See* Doc. 22 at 6–8.) Because that argument presumes Ekstrom had been a party to the agreement between QK and DTNM, it also appears to bear on DTNM's obligations. Thus, because the Motion seeks only to dismiss Ekstrom, and there is already a sufficient basis on which to do so, the Court will not consider the secondary argument.

to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint[,]" *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Therefore, even if the Court could consider the Trust's UVTA arguments, they do not relate to any allegations contained in the Complaint and do not affect the outcome of this Order.

**IT IS THEFORE ORDERED** that Defendant Dennis Ekstrom's Motion to Dismiss (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Trust's claims against Defendant Dennis Ekstrom are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that if the Trust wants to amend its Complaint, it must file an appropriate motion under the Rules no later than 14 days after entry of this Order.

**SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*